UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:20 CR 257 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |
| BRANDON D. HIBLER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Compassionate Release or Reduction in Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A).  (ECF #59).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied

-1-

thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Hibler attests that he filed a motion for compassionate release with the prison on April 24, 2024, and that he never received a response. Therefore, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

1. Constitutionality of 18 U.S.C. §922(g)

Mr. Hibler argues that he qualifies for relief because the United States Supreme Court decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. — (2022), renders his conviction for being a felon in possession of a firearm unconstitutional. However, *Bruen* did not displace the holding in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which found that longstanding prohibitions on the possession of firearms by felons are presumptively lawful. Therefore, *Heller's* acceptance of prohibitions on the possession of firearms by felons remains binding on this Court. In addition, *Bruen* does not override the Sixth Circuit's decision in *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010), which upheld the constitutionality of 18 U.S.C. §922(g)(1).

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

Mr. Hibler also cites a Third Circuit case holding that §922(g) is unconstitutional as applied to non-violent felons, and a case from the Southern District of Missouri that he purports found §922(g) unconstitutional as applied to someone with a prior conviction for manslaughter. The Missouri case, *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023), was overturned on appeal. *United States v. Bullock*, No. 23-60408 (5th Cir. Nov. 25, 2024). Therefore, neither cited case supports that §922(g) is unconstitutional as applied to violent felons. Even if they did support Mr. Hibler's argument, the Court is not bound by those cases

The Court is bound by the Sixth Circuit and the United States Supreme Court. The Sixth Circuit has recently, recognized that 18 U.S.C. §922(g) is constitutional on its face, and as applied to dangerous persons. *See, e.g., United States v. Williams*, 113 F.4th 637 (6th Cir. 2024); *United States v. Garrison*, 2024 U.S. App. Lexis 31174 (6th Cir, Dec. 19, 2024). There is no question Mr. Hibler qualifies as a dangerous person for purposes of applying 18 U.S.C. §922(g). The instant offense involved illegal distribution of controlled substances, and possession of a firearm in furtherance of a drug trafficking crime, in addition to the offense under 18 U.S.C.c §922(g). Both of the additional charges involve crimes that create a high level of danger for the general community, as well as the people directly involved.

Further, the Court may look beyond the predicate offense for evidence of dangerousness. *Williams*, 113 F.4th 657. Mr. Hibler has admitted that he is a member of the Bloods street gang. (ECF #43, PageID 163). He also has an extensive criminal history, including convictions for false imprisonment, obstruction and resisting an officer, assault by means of force likely to produce great bodily harm, child abuse, and violation of parole, among others. In addition, at the time of his conviction in this case, he was facing multiple charges including aggravated robbery and evading peace officer with wanton disregard for safety. In total he had over eighteen

criminal history points, with an additional point for committing the instant offense while under a criminal justice sentence. His wide range of prior convictions shows he is a dangerous offender who can unquestionably be constitutionally prohibited from possessing firearms. See, *Id.*[2]

2. <u>Rehabilitation</u>

Mr. Hibler also cites his rehabilitative efforts as further grounds for consideration, though he acknowledges that rehabilitation alone is not sufficient to create extraordinary and compelling reasons for relief. It does appear that Mr. Hibler has made good use of the resources available to him in the Bureau of Prisons, approaching his incarceration with an attitude of growth and rehabilitation. However, although laudable, Congress has explicitly prohibited courts from considering rehabilitation , by itself, as an extraordinary and compelling reason to consider relief under 28 U.S.C. §994(t). Because he has not established any other extraordinary and compelling grounds for relief, the Court may not consider his rehabilitative efforts as grounds for a reduction in sentence.

Mr. Hibler has provided no information, outside of his rehabilitative efforts that would alter the Court's original sentencing determination. A reduced sentence would not reflect the seriousness of this crime, and would give Mr. Hibler a disparately low sentence compared to other defendants who engage in similar behavior. The Court has considered the rehabilitation efforts made by Mr. Hibler. These efforts, however, are not sufficient to establish extraordinary

---

[2] If the felon in possession laws affecting Mr. Hibler' case were determined to be unconstitutional, compassionate release would not be the proper means of addressing the retroactive effect of such a decision. Any such decision would have far reaching effects on a large population of inmates, and would, by the sheer breadth of its effect, no longer be considered extraordinary. Further, the application of any such decision would be better managed through the general principles of retroactivity and not on a case-by-case exercise of judicial discretion under 18 U.S.C. §3582(c).

and compelling reasons for relief, and do not override the remaining factors. Further, he is still categorized as a medium security individual despite his self-reported efforts at rehabilitation.

Mr. Hibler has not demonstrated extraordinary and compelling reasons for relief in the context of the §3553(a) factors, and has not shown that a reduced sentence would be consistent with the U.S.S.C.'s relevant policy statement. Having considered the record, Mr. Hibler's arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should, therefore, be DENIED. (ECF #59). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: March 25, 2025